BATES REEL COMPANY And
SILVEY COMPANIES *v.*
David C. BREASHEARS

78-55                                         567 S.W. 2d 959

Opinion delivered July 10, 1978
(Division I)

*Laser, Sharp, Haley, Young & Huckabay, P.A.,* for appellants.

*Gannaway, Darrow & Hanshaw,* for appellee.

FRANK HOLT, Justice. The Workmen's Compensation Commission awarded appellee $2,500 for permanent facial disfigurement under the provisions of Ark. Stat. Ann. § 81-1313 (g) (Repl. 1976). The Commission also found that appellee "may be entitled to future revisional plastic surgery at [appellants'] expense, provided it is properly secured within the applicable statutory period." The circuit court affirmed. Appellants' sole contention on appeal is that the Commission erred in awarding a lump sum amount for permanent disfigurement under § 81-1313 (g) before appellee had corrective plastic surgery. § 81-1313 (g) provides:

> The Commission shall award compensation for serious and permanent facial or head disfigurement in a sum not to exceed three thousand five hundred dollars ($3,500). No award for disfigurement shall be entered until twelve (12) months after the injury.

Here it is undisputed that, as a result of his injuries which necessitated hospitalization and surgery, appellee suffered a compensable disfigurement; a medical possibility existed of improving his cosmetic appearance by revisional plastic surgery; and the award was made more than twelve months following appellee's injuries. However, appellants argue that it was not the legislative intent to subject an employer, as here, to the expense of a lump sum award plus future medical expenses for plastic surgery. Therefore, appellants insist that any award should be deferred until completion of plastic surgery or until appellee elects to forego such treatment. Appellee responds that by according a liberal interpretation to the act, the Commission's award was in accordance with the legislative intent.

To accept appellee's view that he is entitled to a lump sum award before the corrective surgery would require us to read into the act something that is manifestly absent. We hold that it was the legislative intent that the Commission should defer a final disfigurement award until completion of appellee's plastic surgery or until the appellee elects to forego such surgery.

Reversed and remanded.

We agree: HARRIS, C.J., and GEORGE ROSE SMITH and FOGLEMAN, JJ.